Eduard **BEGLARYAN;** Tatyana Golovatskaya, aka Tatiana Golvaskya, Petitioners,

v.

Eric H. **HOLDER, Jr.,** Attorney General, Respondent.

No. 07–72961.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 2, 2009.

Reynold E. Finnegan, Esquire, Finnegan & Diba, A Law Corporation, Los Angeles, CA, for Petitioners.

Brooke Maurer, W. Daniel Shieh, Esquire, Richard M. Evans, Esquire, OIL, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Eduard Beglaryan, a native and citizen of Armenia, and his wife, Tatiana Golovatskaya, a native of Russia and a citizen of Armenia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence. *Soto–Olarte v. Holder,* 555 F.3d 1089, 1091 (9th Cir.2009). We deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination because the discrepancies regarding Beglaryan's kidnaping, beating at the prosecutor's office, and 1999 hospitalization go to the heart of his claim, *see Li v. Ashcroft,* 378 F.3d 959, 962, 964 (9th Cir.2004), and Beglaryan failed to provide a sufficient explanation for the discrepancies, *see de Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997).

■ The IJ did not err by relying on Beglaryan's declaration because the record shows that Beglaryan signed his asylum application and swore to the truth of the contents of the application, including the attached declaration. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requir-

ing error to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.